IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| DAWN ANNE WALSH | : | BANKRUPTCY NO.: 5-13-bk-05293-JJT |
| DEBTOR | : | |
| DAWN ANNE WALSH | : | {**Nature of Proceeding**: Motion to Dismiss Complaint (Doc. #6)} |
| PLAINTIFF | : | |
| vs. | : | |
| UGI UTILITIES, INC., | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-14-ap-00016-JJT** |

# OPINION

Dawn Anne Walsh, Debtor, has filed a Complaint for violation of the automatic stay against UGI Utilities, Inc., alleging that she is entitled to damages under 11 U.S.C. § 362(k). Rather than answering the Complaint, UGI filed a Motion to Dismiss under Rule 12 alleging the injury caused by the violation is insufficiently described and that Debtor did not comply with § 342(g)(2) of the Code which, it says, is a lynchpin to pursue damages on behalf of a debtor.

The Debtor alleges UGI ignored the bankruptcy brought to its attention through a notice setting a meeting of creditors provided by the Bankruptcy Noticing Center on behalf of the Clerk of the Bankruptcy Court. In this District, the Clerk is directed to notice creditors of that meeting pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(1). UGI suggests that no pecuniary damages can be had in favor of the Debtor without compliance with § 342(g), which reads:

> (g)(1) Notice provided to a creditor by the debtor or the court other than in accordance with this section (excluding this subsection) shall not be effective

> notice until such notice is brought to the attention of such creditor. If such creditor designates a person or an organizational subdivision of such creditor to be responsible for receiving notices under this title and establishes reasonable procedures so that such notices receivable by such creditor are to be delivered to such person or such subdivision, then a notice provided to such creditor other than in accordance with this section (excluding this subsection) shall not be considered to have been brought to the attention of such creditor until such notice is received by such person or such subdivision.
>
> (2) A monetary penalty may not be imposed on a creditor for a violation of a stay in effect under section 362(a) (including a monetary penalty imposed under section 362(k)) or for failure to comply with section 542 or 543 unless the conduct that is the basis of such violation or of such failure occurs after such creditor receives notice effective under this section of the order for relief.

11 U.S.C.A. § 342

Section 342(g) must be read in conjunction with § 342(c)(2)(A) which states:

> (2)(A) If, within the 90 days before the commencement of a voluntary case, a creditor supplies the debtor in at least 2 communications sent to the debtor with the current account number of the debtor and the address at which such creditor requests to receive correspondence, then any notice required by this title to be sent by the debtor to such creditor shall be sent to such address and shall include such account number.

11 U.S.C.A. § 342

UGI alleges that they supplied such a notice of a specific address, and it was not utilized by the Clerk when the first meeting notice was sent. UGI concludes that fact prevents the Debtor from recovery of pecuniary penalties under § 342(g)(2). Cited in support of that proposition is *In re Tillett*, 2010 WL 1688016 (Bkrtcy. E.D.Va. 2010). I note that in *In re Tillet*, the creditor asserted it had no actual knowledge of the bankruptcy prior to the occurrence of the offending conduct.

I initially comment that paragraph 9 of the Complaint alleges the § 341meeting notice was "received" by UGI, which, if accepted as true, appears to comply with the condition

precedent for damages set forth in § 342(g)(2). The first sentence of § 342(g)(1) compels the conclusion that if a "notice is brought to the attention of a creditor" - i.e., actual knowledge - then it is "effective." "Once a creditor has knowledge of the bankruptcy, the 'safe harbor' from monetary damages provided by § 342(g)(2) no longer applies." *In re Murray*, 2013 WL 6800881, *1 (Bkrtcy. N.D.Cal. 2013), citing *In re Davis*, 498 B.R. 64, 69 (Bkrtcy. D.S.C. 2013). The conclusion would follow that if the debtor wished to rely on "constructive or imputed knowledge," then compliance with § 342(c) is imperative in order to collect a monetary penalty. If UGI has actual notice of the bankruptcy, then subsequent conduct violative of § 362 can result in a monetary award in favor of the Debtor.

Because paragraph 8 and 9 of the Complaint alleges that UGI received notice of the bankruptcy, and no answer as of yet has been filed, I must presume for the purposes of Rule 12 that UGI had actual notice and, notwithstanding that notice, sent a shut-off note to the Debtor causing emotional distress. That sequence of events supports a claim under § 362(k).

UGI apparently challenges the sufficiency of the allegation of emotional distress as representative of the Debtor's damage. Under my previous ruling in the case of *Solfanelli v. Meridian Bank ( In re Solfanelli)*, 206 B.R. 699, 703 (Bankr. M.D.Pa. 1996), aff'd in part, rev'd in part, *In re Solfanelli*, 230 B.R. 54 (M.D. Pa. 1999), judgment aff'd and remanded, *Solfanelli v. Corestates Bank, N.A.*, 203 F.3d 197 (3d Cir. 2000), emotional distress can support the allegation of damages as well as a request for punitive damages. UGI also claims that there is an insufficient description of the extent of the Debtor's emotional distress caused by the alleged violation. As illuminated in *Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3rd Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 at 1969

(2007), "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Certainly the identification by the Debtor that this alleged stay violation caused an injury in the form of emotional distress meets that requirement.

It is for these reasons that the Court finds the instant Complaint survives the requirements of a Rule 12(b)(6) Motion as set forth in *Twombly*, *supra*, and the Court will deny the instant Motion to Dismiss. The Court will further Order the Defendant to file an Answer to the Complaint on or within twenty-one (21) days of the date of this Order.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: October 3, 2014